UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jason Gerhard<br><br>*Plaintiff,*<br><br>v.<br><br>TERRENCE REIDY, in his official capacity as secretary of the Executive Office of Public Safety and Security (EOPSS), and ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,<br><br>*Defendants.* | Civil Action No. _____<br><br>**CIVIL ACTION TO REDRESS DEPRIVATION OF RIGHTS AND FOR DECLARATORY JUDGMENT**<br><br>**Jury Trial Demanded** |

INTRODUCTION

1. I, Jason Gerhard, am one of the people[1] and a Citizen[2] of New Hampshire, residing in Merrimack County. I present myself *in propria persona* in this action to seek redress for the deprivation of my rights and a declaratory judgement in a case of actual controversy arising under the Constitution. But for the defendants' misapplication of the firearms licensing scheme, I would keep and bear arms during my frequent travels into Massachusetts.

---

[1] *District of Columbia v. Heller*, 554 U. S. 570, 580 (2008): The term [people] unambiguously refers to all members of the political community, not an unspecified subset. As we said in *United States v. Verdugo-Urquidez*, 494 U. S. 259, 265 (1990): "…'the people' protected by the Fourth Amendment, and by the First and Second Amendments, and to whom rights and powers are reserved in the Ninth and Tenth Amendments, refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community."

[2] A Citizen within the meaning of Art. 4 Section 2 of the Constitution.

Page 1 of 8

## DEFENDANTS

2.   Terrence Reidy ("Secretary Reidy") is the secretary of the Executive Office of Public Safety and Security, hereinafter "EOPSS." He is the chief firearms licensing authority in Massachusetts and is vested with the authority to implement, to interpret, to enforce, and to administer the state's statutory scheme[3] for firearms licensing through the Department of State Police, the Firearm Licensing Review Board (FLRB), and the Department of Criminal Justice Information Services (DCJIS) as authorized by *G. L. c. 30A, § 1(5)*, *G. L. c. 6A, § 2*, and *G. L. c. 6A, § 18*. Secretary Reidy's place of office is 1 Ashburton Place, Suite 2133, Boston, MA 02108. His publicly listed contacts are: Phone 617-727-7775 and Email: eopsinfo@state.ma.us.

3.   Andrea Joy Campbell ("AG Campbell") is the Attorney General of Massachusetts. She is the chief prosecuting officer in Massachusetts and is vested with the authority to protect the people by prosecuting crime in accordance with *G. L. c. 12, § 3*. AG Campbell's place of office is 1 Ashburton Place, 20th Floor, Boston, MA 02108. Her publicly listed contacts are: Phone 617-727-2200 and Email: ago@state.ma.us.

## VENUE, FORUM AND JURISDICTION

4.   The United States District Court for the District of Massachusetts is the proper venue in accordance with *28 U.S.C. § 1391(b)(1)*, as all the defendants are residents of the State in which

---

[3] "Discussion of the statutory scheme governing licensing of firearms. ... 1. Statutory scheme. ... The historical aim of licensure generally is preservation of public health, safety, and welfare by extending the public trust only to those with proven qualifications." *Mirko Chardin v. Boston Police Commissioner*, 465 Mass. 314, 315 (2013).

the district is located. This Court is a court of record created under *28 U.S.C. § 132*, and vested by Article III, Section 1 of the Constitution with the judicial Power of the United States.

5.  This District Court has original jurisdiction of all civil actions arising under the Constitution pursuant to *28 U.S.C. § 1331*, including a civil action to redress deprivation of rights pursuant to *28 U.S.C. § 1343(a)(3)* and *42 U.S.C. 1983*. Further, this action seeks a declaratory judgement in a case of actual controversy pursuant to *28 U.S.C. § 2201*, with further necessary or proper relief as may be granted under *28 U.S.C. § 2202*.

6.  Actual controversy has arisen because the defendants are conspiring under color of state statutes to deprive me of my right to keep and bear arms, within the meaning of *42 U.S.C. 1983*. "The declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity;" *Steffel v. Thompson*, 415 U.S. 452, 480 (1974), and "where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat." *Medimmune, Inc. v. GenenTech, Inc.*, 549 U.S. 118, 128-29 (2007). "Instead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent. Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the defendant], and there exists a credible threat of prosecution thereunder.'" *List v. Driehaus*, 573 U.S. 149, 159 (2014).

7.  As such, the standing and ripeness requirements of jurisdiction are met, because "the injury threatened by ... unconstitutional [enforcement under color of law] is present and real ... and will become irreparable if relief be postponed to that time, a suit to restrain future enforcement ... is not premature. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925).

8.      Furthermore, should AG Campbell or her agents prosecute me for keeping and bearing arms without a license, the judicial Power of the United States would not protect me. As this Court "may not grant an injunction to stay proceedings in a State court," *28 U.S.C. § 2283*, and "Federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances" *Younger v. Harris*, 401 U.S. 37 (1971). Therefore, this Court has original jurisdiction arising under the Constitution.

## STATEMENT OF THE CLAIM

9.      No one disputes my right to keep and bear arms in New Hampshire, and I it is my wish to exercise this same unalienable, individual right whenever I may sojourn into Massachusetts, as covered by the plain text of the Second Amendment. However, the defendants have conspired to deprive me of these secured rights by deliberately misconstruing and misapplying the statutes enacted to regulate persons carrying on the business of a gunsmith or a retailer, or for the professional licensing of public safety and security personnel.

10.     My action is an as-applied challenge "brought against defendants who, claiming to act as officers of the State, and under color of a statute which is valid and constitutional, but wrongfully administered by them, commit, or threaten to commit, acts of wrong or injury to the rights and property of the plaintiff, or make such administration of the statute an illegal burden and exaction upon the plaintiff.'" *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 136 (1984).

11.     Where each allegation is not denied by the defendants, it is admitted in accordance with *Federal Rules of Civil Procedure 8 (b)(6)*, and the court may declare the law as follows:

## ALLEGATIONS

I. To obtain a firearms license, *G. L. c. 140, § 131(i)* or *G. L. c. 140, § 129B* requires an applicant to pay $100, "to the licensing authority," defined by *G. L. c. 140, § 121* to mean the town police chief or the colonel of the state police. *G. L. c. 140, § 122* authorizes the town police chief to issue licenses "to sell, rent or lease firearms, rifles, shotguns or machine guns, or to be in business as a gunsmith;" while *G. L. c. 147, § 25* authorizes the colonel of the state police to issue licenses to private detectives or to those who "protect persons or property" for hire or reward. But neither the police chief, nor the colonel of the state police has authority to issue a license to bear arms, as secured by the Constitution.

II. *G. L. c. 119A, § 16* defines "licensing authority" as "any department, bureau, authority, division, board, commission, unit or other entity of the commonwealth, any political subdivision or agency thereof, or any city or town of the commonwealth, which issues licenses," and *G. L. c. 6, § 172N* provides that a "'licensing authority' shall include an agency, examining board, credentialing board, or other office or commission with the authority to impose occupational fees or licensing requirements on a profession." But no licensing authority can "impose a charge for the enjoyment of a right granted by the Federal Constitution." *Murdock v. Pennsylvania, 319 U.S. 105, 113 (1943)*.

III. The state's broadest definition of a "license," at *G. L. c. 119A, § 16*, means "any license, permit, certificate, registration, charter, authority or any other form of permission required by law for the operation or use of property, the conduct of an activity or the carrying on of a trade or business, including, but not limited to, any professional, trade, business,

occupational, commercial, recreational or sporting license or permit, driver's license, learner's permit, right to operate a motor vehicle, or certificate of motor vehicle registration." *G. L. c. 140, § 131* states "A license shall ***entitle*** a holder thereof … to purchase, rent, lease, borrow, possess and carry…firearms,…" emphasis added. But none of these licensed *entitlements* include a right secured by the Constitution.

IV. *G. L. c. 6, § 172B.5* "require[s] applicants for licenses in specified occupations to submit a full set of fingerprints." While the state may require fingerprinting for a license to carry firearms as an occupation, no law requires the submission of fingerprints for the enjoyment of the right to keep and bear arms for personal use, as secured by the Constitution.

V. *803 CMR 2.01* is a regulation published by Secretary Reidy's EOPSS through its subordinate department, the Department of Criminal Justice Information Services (DCJIS) under authority of *G. L. c. 6, §172*. It provides, that the "<u>Purpose and Scope</u>" of the Criminal Offender Record Information (CORI) background check is for "the purpose of evaluating applicants for employment, volunteer opportunities, or professional licensing." But no published law imposes a background check for the enjoyment of the individual right to keep and bear arms for personal use, as secured by the Constitution.

VI. Legislation empowers Secretary Reidy to regulate officers, retailers, gunsmiths, private detectives, security guards, and other persons whose profession or occupation requires them to handle firearms; but, no legislation authorizes him to regulate or to license my individual right to keep and bear arms for personal use. If such power was ever granted, then under the major questions doctrine, he must point to clear legislative authorization for the authority he claims, *West Virginia v. E.P.A.*, 597 U.S. ___ (2022).

VII.   Legislation empowers AG Campbell to prosecute crime to protect people; but, no legislation authorizes her to prosecute conduct presumptively protected by "the Second Amendment's unqualified command," such as my "individual right to keep and bear arms for self-defense." *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. ___ (2022).

VIII.  My individual right to keep and bear arms for personal use, the defence of my life and property, farming and hunting, to aid the civil authority, to support the common defence, and for the security of a free State is guaranteed by the plain text of the state laws[4], the Massachusetts and Federal constitutions. The Second Amendment right is "not a right granted by the Constitution. Neither is it in any manner dependent upon that instrument [or a license] for its existence." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

### PRAYER FOR RELIEF

WHEREFORE, I, Jason Gerhard pray that the Court:

12.   Enter a declaration verifying the truth of the forgoing allegations I through VIII;

13.   Enter an order enjoining defendants from misapplying the state's statutory scheme governing licensing of firearms against my individual right to keep and bear arms;

14.   Award remedies cognizable under *42 U.S.C. 1983*, and court costs and expenses under *42 U.S.C. 1988*, or any applicable law; and,

15.   Grant any such other and further relief as the Court may deem proper.

---

[4] *G. L. c. 62C, § 55A, G. L. c. 149, § 177, G. L. c. 131, § 78, G. L. c. 269, § 4, G. L. c. 60, § 24.*

## JURY DEMAND

I demand a trial by jury of all issues so triable under Federal Civil Procedure **Rule 38**.

## RULE 11(b) CERTIFICATION

I certify to the best of my knowledge, information, and belief that this complaint complies with the requirements of **Rule 11(b)**.

Dated: February 1st, 2024.                                          Respectfully submitted,

Jason Gerhard
*in propria persona*
107 N. Main Street
Concord, NH  03301
Voicemail/Phone: 603-499-7919
BearArmsUSA@protonmaill.com