UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jason Gerhard<br><br>*Plaintiff*,<br><br>v.<br><br>TERRENCE REIDY, in his official capacity as secretary of the Executive Office of Public Safety and Security (EOPSS), and ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts,<br><br>*Defendants*. | CIVIL ACTION<br><br>No. 1:24-cv-10270-AK |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I, Jason Gerhard, a Citizen of New Hampshire, present myself *in propria persona* to oppose the defendants' motion to dismiss, ECF No. 13 and 14, pursuant to *Local Rule 7.1*.

**COUNTER ARGUMENTS**

**I.   I have standing to challenge the defendants' application of the Massachusetts' firearm licensing scheme as they may apply it to me.**

The defendants assert that I lack "standing to challenge Massachusetts' firearm licensing scheme because [I'm] already prohibited from possessing a firearm under both New Hampshire and federal law," defendants' memorandum ECF No. 14, page 2. This assertion combines a logical fallacy that undermines the truthfulness and credibility of their argument with a factual inaccuracy, which I am prepared to disprove.

Page 1 of 8

In order to extend an unwarrantable jurisdiction to deprive me of my rights, the defendants employ *equivocation*, a logical fallacy in which similar words or phrases are given an equivalent meaning. This tactic sows ambiguity and ultimately leads to faulty conclusions. In this case, the defendants improperly equate the licensed entitlement to "possess and carry firearms" in specified occupations with my constitutionally secured right to "keep and bear Arms" for myself. In essence, they use equivocation to suggest that "Those prohibited from possessing or carrying firearms are prohibited from keeping and bearing Arms."

The defendants willfully employ this scheme to suppress the fact that "firearms possession" is a narrow statutory entitlement for "the carrying on of a trade or business" or the duties of persons in "specified occupations," see ECF No. 1, Allegations I-V, pages 5-6. This error of law grossly violates the ordinary rules of statutory construction, see **III** below.

At issue is not whether "this Court would … redress [my] inability to possess a firearm," see ECF No. 14, page 1, as recast by defendants, nor is it a challenge of any statute, but rather:

> **Have the defendants deprived me of my rights to "keep and bear Arms" as secured by the Constitution under the color of state laws, such as *G. L. c. 140, § 131*, which "shall entitle a holder thereof of a license" to possess or carry firearms?**

To make this determination, it is imperative to differentiate the regulated entitlement to "possess or carry firearms," from my constitutionally secured right to "keep and bear Arms." As long as the defendants refuse to define the illegal conduct "with sufficient definiteness that ordinary people can understand what conduct is prohibited," *Kolender v. Lawson*, 461 U. S. 352, 357 (1983), I "cannot know the scope of [my] constitutional protection, nor can a policeman know the scope of his authority." *New York v. Belton*, 453 U.S. 454, 459-460 (1981).

The defendants' refusal to provide regulatory clarity blurs the "signposts to criminality" *United States v. CIO*, 335 U.S. 106, 142 (1948), and invariably risks or "encourage[s] arbitrary and discriminatory enforcement." *Id*. Kolender at 357. Their threats of prosecution and imprisonment for crimes whose borders the defendants refuse to delineate impairs the free exercise of my rights, causing me insecurity and "an injury in fact," which is a "concrete and particularized, actual or imminent invasion of a legally protected interest, … likely [to] be redressed by a favorable decision." See *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

If actual prosecution were to commence, the defendants would also violate procedural due process: "The Commonwealth violates the Federal and State Constitutions' guarantees of procedural due process when it 'tak[es] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' *Johnson v. United States*, 576 U.S. 591, 595 (2015)." *Vega v. Commonwealth*, 490 Mass. 226, 237 (2022).

Thus, the standing and ripeness requirements of jurisdiction are met, "where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat." *Medimmune, Inc. v. GenenTech, Inc.*, 549 U.S. 118, 128-29 (2007). "Instead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent. Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the defendants], and there exists a credible threat of prosecution thereunder.'" *List v. Driehaus*, 573 U.S. 149, 159 (2014). See also ECF No. 1, pages 2-3.

**II.     No state or federal law prohibits my right to keep and bearing Arms.**

The defendants claim that I am "already prohibited from possessing a firearm under both New Hampshire and federal law," but my action is not about "possessing a firearm" as explicitly entitled by the State's firearms licensing scheme, it's about my "right to keep and bear Arms" as secured by the Constitution. Since the defendants have never defined, nor provided any guidance on how these activities differ, their assertion ought to be discarded as misleading.

In addition, their assertion is factually false, because I was recently granted a Certificate of Discharge, pursuant to N.H. *RSA 607-A: 5 II*, which provides that my rights "are thereby restored and that [I] suffer[] no other disability by virtue of [my] conviction[s] and sentence except as otherwise provided by this chapter;" and nothing in N.H. RSA *Chapter 607-A* prohibits me from having a firearm, nor does any state or federal law prohibit my "right to keep and bear Arms" for my own self-defense.

**III.    The Court "need not conduct the two-step test articulated in [*Bruen*]."**

The defendants state "the Court … need not conduct the two-step test articulated in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* …," ECF No. 14, page 4. I agree. Constitutional questions should be avoided, when ordinary rules of statutory construction would suffice: "The Court will not pass upon a constitutional question, although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. … Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."
*Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936).

My action is a question of statutory construction: "**What is the difference between the statutory entitlement to 'possess or carry firearms,' and my 'right to keep and bear Arms' according to the plain text of the Constitution?**" Only two logical choices exist. To "possess or carry firearms" is either the same as to "keep and bear Arms," or something different.

Applying the ordinary rules of statutory construction announced by the Supreme Court, we see that "when a statute is reasonably susceptible of two interpretations, by one of which it is unconstitutional and by the other valid, the court prefers the meaning that preserves to the meaning that destroys." *Panama Refining Co. v. Ryan*, 293 U.S. 388, 439 (1935); and "it is our plain duty to adopt that construction which will save the statute from constitutional infirmity. … where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter. *United States v. Delaware & Hudson Co.*, 213 U.S. 366, 407-408 (1909) and *Jones v. United States*, 526 U.S. 227, 228 (1999).

In other words, where the statutory use of the term "possess and carry firearm" includes "the carrying on of a trade or business," or the duties of persons in "specified occupations," or other conduct not covered by the plain text of the Constitution, it is the Court's "plain duty to adopt that construction," and to "avoid an interpretation of a … statute that engenders constitutional issues." *Gomez v. United States*, 490 U.S. 858, 858 (1989). Ultimately, if a law is plausibly ambiguous and "if both the law and the Constitution apply to a particular case, … the Constitution, and not such ordinary act, must govern the case to which they both apply." *Marbury v. Madison*, 5 U.S. 137, 178 (1803).

Further, "The rule that penal laws are to be construed strictly is perhaps not much less old than construction itself." *United States v. Wiltberger*, 18 U.S. 76, 95 (1820). And "we are constrained to conclude that they do not mean to leave room for the play and action of purely personal and arbitrary power." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). Thus, "We are required by ordinary rules of statutory construction to construe any criminal statute strictly against the Commonwealth." *Commonwealth v. Wotan*, 422 Mass. 740, 742 (1996).

In short, this Court "need not," and indeed *should not* conduct a *Bruen* analysis, as we are constrained to conclude that explicit statutory entitlements to "possess and carry firearms" must be different from my rights secured by the Constitution to "keep and bear Arms."

### IV.   *Bruen* did not state that "states require a license to possess and carry a firearm."

To be clear, just because the Court may not entertain a *Bruen* style analysis in this present action, doesn't mean that constitutional challenges to shall-issue regimes have been ruled out. The defendants' erroneous assertion that the *Bruen* Court "made clear that states may require a license to possess and carry a firearm," ECF No. 14, page 4, is disputed for the record.

As the *Bruen* Court explained in footnote 9 on p. 30: "…because any permitting scheme can be put toward abusive ends, **we do not rule out constitutional challenges to shall-issue regimes**." (Emphasis added.) While the Supreme Court did not perform a formal analysis of all firearms licensing schemes, it nonetheless did cast doubt on such practices, stating in its concluding remarks: "The constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.' We know of no other constitutional right that an individual may exercise only after

demonstrating to government officers some special need. … And it is not how the Second Amendment works when it comes to public carry for self-defense." *Id*. at 62-63.

Thus, subject to the defendants' objection, if any, the *Bruen* Court established that "proper-cause" licensing schemes are unconstitutional, it "expressly rejected any interest-balancing inquiry," it "[did] not rule out constitutional challenges to shall-issue regimes," it *reiterated* that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct," and the burden of persuasion is on "the government [to] justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at pages 2, 15, 30.

## CONCLUSION

This Court has jurisdiction to compel defendants to disclose the standards by which they administer the State's firearms regulatory scheme, because failure to clearly delineate criminal conduct from conduct presumptively protected by the Constitution deprives me of my substantive rights and procedural due process protections secured by the Constitution and laws. Therefore, the Court must **DENY** the defendants' motion to dismiss.

Dated: March 21st, 2024.                                                     Respectfully submitted,

/s/ Jason Gerhard
Jason Gerhard, *in propria persona*
107 N. Main Street
Concord, NH  03301
Voicemail/Phone: 603-499-7919
BearArmsUSA@protonmaill.com

## **REQUEST FOR ORAL ARGUMENT**

I request oral argument pursuant to *Local Rule 7.1(d)*, as I believe that it may assist the Court, and I wish to be heard.

/s/ Jason Gerhard
Jason Gerhard, *in propria persona*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the defendants by electronically filing through the Court's CM/ECF system.

Dated: March 21st, 2024.                                         Respectfully submitted,

/s/ Jason Gerhard
Jason Gerhard, *in propria persona*
107 N. Main Street
Concord, NH  03301
Voicemail/Phone: 603-499-7919
BearArmsUSA@protonmaill.com
