UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON GERHARD, <br><br> Plaintiff, <br><br> v. <br><br> TERRENCE REIDY, in His Official Capacity as Secretary of the Executive Office of Public Safety and Security, and ANDREA JOY CAMPBELL, in Her Official Capacity as Attorney General of Massachusetts, <br><br> Defendants. | Civil Action No. 24-CV-10270-AK |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**A. KELLEY, D.J.**

Plaintiff Jason Gerhard ("Gerhard") has filed a complaint against Defendants Terrence Reidy ("Secretary Reidy") and Andrea Campbell ("AG Campbell") in their official capacities as Secretary of the Executive Office of Public Safety and Security and the Attorney General of Massachusetts, respectively. [Dkt. 1 at 1]. Gerhard challenges the constitutionality of Massachusetts' firearms licensing scheme, alleging violations of his Second Amendment rights, and seeks a declaration that the scheme is unconstitutional, enjoining Defendants from enforcing related civil and criminal regulations. [Dkt. 1 at 7].

Secretary Reidy and AG Campbell jointly move to dismiss all counts under Federal Rules of Civil Procedure Rule 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to state a claim. [Dkt. 14 at 4-7]. Gerhard opposes dismissal [Dkt. 15], asserting he faces a "credible threat of prosecution" if he travels to Massachusetts with firearms without a license. [Dkt. 1 at

1

3-4]. Conversely, Gerhard filed a Motion for Summary Judgment, arguing that the regulations underpinning the Commonwealth's licensing scheme are unconstitutional because they "create uncertainty and impose a chilling effect." [Dkt. 17 at 4.] For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss, thereby **DISMISSING** Gerhard's complaint **WITH PREJUDICE**, and **DENIES** his Motion for Summary Judgment **AS MOOT**.

I. BACKGROUND

Gerhard is a citizen of New Hampshire. [Dkt. 1]. After a twelve-day jury trial, Gerhard was convicted in the United States District Court for the District of New Hampshire of violating federal law by providing material support to two fugitives during a nine-month standoff with federal authorities. See United States v. Gerhard, 615 F.3d 7, 12 (1st Cir. 2010).[1] Gerhard assisted the fugitives by procuring weapons, ammunition, and bomb materials, and by threatening law enforcement officials. Id. at 16. He admitted to arming the fugitives. Id. Gerhard was sentenced to 240 months' imprisonment, five years of supervised release, and a $400 special assessment. Id. at 12. As a result of his conviction, Gerhard is prohibited from possessing firearms under both New Hampshire and federal law. See N.H. Rev. Stat. § 159:3; 18 U.S.C. §§ 921(a)(20), 922(g)(1).

Gerhard argues that Massachusetts' firearms licensing scheme infringes on his right to keep and bear arms during his travels to the state. [Dkt. 1 at 1]. He contends that Secretary Reidy and AG Campbell, responsible for enforcing the Commonwealth's licensing scheme, have conspired to deprive him of these rights by misapplying laws meant for gunsmiths and public

---

[1] The Court takes judicial notice that Gerhard has at least one federal felony conviction relevant to the instant action. See, e.g., Bluetarp Fin., Inc. v. Matrix Constr. Co., Inc., 709 F.3d 72, 78 (1st Cir. 2013) (taking judicial notice of related state court cases); United States v. 939 Salem St., Lynnfield, Mass., 917 F. Supp. 2d 151, 156 (D. Mass. 2013) ("Court records memorializing facts 'tested in the crucible of trial' fall within the ken of judicial notice."); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) (taking judicial notice of a conviction and stating that "[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand").

safety personnel. Id. at 3-4. Gerhard claims that no state authority has the power to impose licensing requirements on a constitutional right and asserts that an imminent threat of enforcement justifies this lawsuit. Id. at 3, 5. Secretary Reidy and AG Campbell move to dismiss Gerhard's complaint on two grounds. First, they argue that as a convicted felon, Gerhard is prohibited from possessing a firearm under both New Hampshire and federal law. Therefore, Massachusetts' licensing scheme does not cause him any injury in fact, nor would relief from the Court redress his inability to possess a firearm. Second, Defendants argue that Gerhard has failed to state a claim warranting relief because the United States Supreme Court has upheld the constitutionality of state-level licensing regimes. See New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111, 2138 n.9 (2022) ("To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of [state-level] 'shall-issue' licensing regimes . . . designed to ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens.").

On December 9, 2024, while Defendants' motion to dismiss was still pending before this Court, Gerhard filed a Motion for Summary Judgment [Dkt. 16], which Defendants opposed [Dkt. 18]. The parties have yet to engage in discovery in this action.

## II.   LEGAL STANDARDS

Secretary Reidy and AG Campbell seek dismissal of Gerhard's complaint under Rules 12(b)(1) and 12(b)(6). The Court accepts Gerhard's well-pleaded factual allegations and "draw[s] all reasonable inferences in [his] favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). However, unsupported conclusions or interpretations of law are not credited. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

3

### A. Motion to Dismiss for Lack of Standing

Federal courts are courts of limited jurisdiction, and jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Article III standing is a prerequisite for subject-matter jurisdiction, and "the plaintiff bears the burden of pleading facts necessary to demonstrate standing." Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). "If a party lacks standing, . . . the court lacks jurisdiction to decide the merits of the underlying case." Series 15-09-321 v. Liberty Mut. Ins. Co., No. 23-CV-12382-RGS, 2024 WL 869447, at *2 (D. Mass. Feb. 29, 2024) (quoting United States v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992)). Rule 12(b)(1) is "[t]he proper vehicle for challenging a court's subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Granting a Rule 12(b)(1) motion at the pleading stage "is appropriate only when the facts alleged . . . do not justify the exercise of subject matter jurisdiction." Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003) (citing Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987)).

### B. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court must conduct a two-step inquiry: first, separating conclusory legal allegations from factual allegations; second, determining whether the factual allegations give rise to a plausible claim for relief. Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013). A complaint must provide more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not suffice. See Twombly, 550 U.S. at 555. Instead, the factual allegations must permit the court to draw the reasonable inference that each defendant is liable for the misconduct

4

alleged. Germanowski v. Harris, 854 F.3d 68, 72 (1st Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## III. DISCUSSION

As a general practice, when faced with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), the court should resolve the jurisdictional issue first because "if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149-50 (1st Cir. 2002); see also Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., 62 F.3d 37, 39 (1st Cir. 1995) ("[A]bsent good reason to do otherwise, [the court] should ordinarily decide the 12(b)(1) motion first."). Consequently, this Court will first address—and ultimately resolve—Defendants' 12(b)(1) lack of standing argument.

The party invoking the jurisdiction of a federal court has the burden of proving the basis for jurisdiction. Hartigan v. Macy's, Inc., 501 F. Supp. 3d 1, 3 (D. Mass. 2020) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). Secretary Reidy and AG Campbell contend that Gerhard has not alleged a sufficient injury in fact to support standing. [Dkt. 14 at 2-4]. Standing "must be resolved before a court may reach the merits." Cowels v. Fed. Bureau of Investigation, 327 F. Supp. 3d 242, 248 (D. Mass. 2018). To establish standing, a plaintiff must demonstrate an injury in fact, causation, and redressability. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). Defendants contest the first and third requirements: they argue that Massachusetts' firearm scheme is not causing Gerhard any injury in fact, and that the relief he requests would not redress his inability to possess a firearm. "Where the absence of causation and a relevant injury-in-fact are presented with such clarity, dismissal for lack of subject-matter

is justified." Donahue v. City of Boston, 304 F.3d 110, 119 (1st Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)).

*Injury in Fact*

To establish the first element of standing, an injury in fact, a plaintiff must demonstrate "an invasion of a legally protected interest" that is "both concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan, 504 U.S. at 560). Plaintiffs who allege an injury resulting from a violation of a statutory right do not "automatically satisf[y] the injury-in-fact requirement." TransUnion LLC v. Ramirez, 594 U.S. 413, 426 (2021) (internal quotations omitted). For an injury to be "concrete," it "must actually exist." Spokeo, 578 U.S. at 340. For the alleged harm to be "particularized," in addition to alleging injurious conduct attributable to each defendant, a plaintiff must also claim to be among the persons injured by that conduct. Hochendoner, 823 F.3d at 731–32. The alleged injury also must be more than "a generalized grievance" about the "conduct of government." Lyman v. Baker, 954 F.3d 351, 361 (1st Cir. 2020). Further, a "mere interest in an event," no matter how "passionate" or "charged with public import," is not sufficient to provide an actual injury. AVX Corp., 962 F.2d at 114.

Gerhard has failed to plausibly allege facts sufficient to show an injury in fact resulting from Defendants' conduct. According to Gerhard, his injury arises from a desire to "sojourn into Massachusetts" without the threat of prosecution for possessing an unlicensed firearm. [Dkt. 1 at 4]. That is an impossibility. As a convicted felon, under federal law, Gerhard is proscribed from possessing firearms in *any* state. See 18 U. S.C. § 922(g)(1); United States v. Bean, 537 U.S. 71, 74 (2002). Because of the federal prohibition, even if Gerhard applied for a firearms license in Massachusetts, he cannot be granted one. See Commonwealth v. Waller, 90 Mass. App. Ct. 295,

304 (2016) ("[T]hose convicted of felonies are prohibited ever from owning a firearm notwithstanding the constitutional right to bear arms protected by the Second Amendment to the United States Constitution."); see also Chardin v. Police Comm'r of Bos., 465 Mass. 314, 321-25 (2013) (noting that the Supreme Court established in Dist. of Columbia. v. Heller ("Heller"), 554 U.S. 570 (2008), that the right to keep and bear arms is not unlimited and the longstanding prohibition on firearm possession by felons is "presumptively lawful").  Therefore, Gerhard cannot attribute his inability to keep and bear arms in Massachusetts to Defendants' conduct.  More broadly, Gerhard also discusses why, in his view, Massachusetts' firearms regulations are deficient and even unconstitutional.  But the courts must not "entertain citizen suits to vindicate the public's nonconcrete interest in the proper administration of the laws."  Lujan, 504 U.S. at 581 (Kennedy, J. concurring); accord Spokeo, 578 U.S. at 331 ("Article III standing requires a concrete injury even in the context of a statutory violation.").  As a result, the Court finds that Gerhard's complaint fails to sufficiently plead an injury in fact for purposes of the standing analysis.

*Redressability*

The third and final standing hurdle, redressability, requires that the requested relief directly recompense the injury alleged.  Steel Co., 523 U.S. at 105-10.  A plaintiff must establish that it is likely, as opposed to merely speculative, that their claimed injuries will be redressed by a favorable decision.  Lujan, 504 U.S. at 561 (citing Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976)).  To determine whether an injury is redressable, a court will consider the relationship between the judicial relief requested and the injury suffered.  See Efreom v. McKee, 46 F.4th 9, 21 (1st Cir. 2022) (citing California v. Texas, 593 U.S. 659, 671 (2021)).

Once an individual has been convicted of a felony, it is unlawful for that person to possess any firearm. See 18 U.S.C. § 922(g)(1); Bean, 537 U.S. at 74. This prohibition, established by the Gun Control Act of 1968, is meant to keep firearms away from individuals classified as "potentially irresponsible and dangerous." United States v. Meade, 175 F.3d 215, 220 (1st Cir. 1999) (quoting Barrett v. U.S., 423 U.S. 212, 218 (1976)). Congress enacted the prohibition "to strengthen Federal controls over interstate and foreign commerce in firearms and to assist the States effectively to regulate firearms traffic within their borders." H.R. Rep. No. 90-1577, at 6 (1968), reprinted in 1968 U.S.C.C.A.N. 4410, 4411. The Supreme Court has upheld this firearms prohibition. See Heller, 554 U.S. at 626 (" [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . .").

Under Section 921(a)(20), a conviction does not disqualify an individual from possessing firearms if that individual "has had civil rights restored."[2] For a defendant's civil rights to be restored, they must show that their rights have been restored under the laws of the convicting jurisdiction. See Beecham v. United States, 511 U.S. 368, 368 (1994) (adopting the position that "state restoration of civil rights c[an]not undo the federal disability flowing from a federal conviction."). Section 925(c) instructs that an individual prohibited from possessing a firearm may apply for relief from the firearms prohibition. 18 U.S.C. § 925(c). If their application is

---

[2] Gerhard contends that his receipt of a "Certificate of Discharge" under N.H. Rev. Stat. § 607-A:5 (2024) restores his civil rights, including the right to possess a firearm. [Dkt. 15 at 4]. His reading of the statute is incorrect. A Certificate of Discharge restores voting rights and the ability to run for public office but does not restore the ability to own a firearm. Additionally, New Hampshire, too, has a statute explicitly prohibiting firearm ownership by those convicted of felonies. N.H. Rev. Stat. § 159:3; see State v. Parr, 280 A.3d 775, 781 (2022); Commonwealth v. Harris, 481 Mass. 767, 774-76 (2019) (affirming a defendant's conviction for unlawful possession of a firearm and ammunition because the Supreme Court has stated that the full faith and credit clause does not force states to replace their laws with those of other states if they have the authority to legislate on the matter; states can create their own laws as long as they align with the Constitution, federal laws, and treaties). Said plainly, even if this Court were to accept Gerhard's representation that his gun ownership rights were restored in New Hampshire, which it does not absent evidence of the same, Massachusetts is not required to adopt New Hampshire's firearm licensing decision.

denied, the applicant may seek judicial review.  See Bean, 537 U.S. at 74-75.  Without an actual denial, though, judicial review under Section 925(c) is precluded.  See id. at 78.

Here, as explained above, Gerhard is subject to the federal ban on convicted felons possessing firearms.  See Gerhard, 615 F.3d 7.  The Court cannot grant the firearms disability relief Gerhard seeks because it lacks subject matter jurisdiction.  Because Gerhard was convicted in the United States District Court for the District of New Hampshire, he must prove that his rights have been restored under federal law because only federal law can nullify the effect of a federal conviction.  See Beecham, 511 U.S. at 373-74.  Judicial review requires a dispositive decision by the ATF, and there is no indication that the ATF denied an application submitted by Gerhard pursuant to Section 925(c).

To the extent Gerhard asks this Court to declare Massachusetts' firearms licensing scheme unconstitutional, this Court will not do so. The constitutionality of such licensing schemes has been upheld in a variety of contexts and the Court is not the federal legislature. There is also no indication that Gerhard's conviction has been expunged or set aside, that he has been federally pardoned, or that he has had his civil rights restored under federal law in accordance with Section 921(a)(20).  Even if this Court were to enjoin Defendants from enforcing Massachusetts' firearm regulations against him, Gerhard is still prohibited from possessing a firearm under federal law, and federal authorities may still detain and prosecute Gerhard for such.  Thus, Gerhard has failed to establish that his anticipated injuries would be redressed by the relief he requests.  Accordingly, this matter is improperly before the Court, and there is no need to address any further arguments.

IV.     **CONCLUSION**

For the aforementioned reasons, Gerhard has not established the standing necessary for this Court to have subject matter jurisdiction.  Defendants' Motion to Dismiss [Dkt. 13] is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**  Plaintiff's Motion for Summary Judgment [Dkt. 16] is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: February 19, 2025                                /s/ A. Kelley
                                                        Hon. A. Kelley
                                                        United States District Judge