# United States Court of Appeals
## For the First Circuit

No. 25-1233

JASON L. GERHARD,

Plaintiff - Appellant,

v.

TERRENCE REIDY, in the official capacity as Secretary of the Executive Office of Public Safety and Security (EOPSS); ANDREA J. CAMPBELL, in the official capacity as Attorney General of Massachusetts,

Defendants - Appellees.

Before

Barron, Chief Judge,
Kayatta and Rikelman, Circuit Judges.

**JUDGMENT**

Entered: November 18, 2025

    Plaintiff-appellant Jason Gerhard ("Gerhard"), a convicted felon and New Hampshire resident, brought this action *pro se* against defendants-appellees Terrence Reidy and Andrea Campbell in their official capacities as Secretary of the Executive Office of Public Safety and Security and the Attorney General of Massachusetts respectively, seeking to exercise his right to bear arms pursuant to the Second Amendment during his visits to Massachusetts. Complaint, D.Ct. Dkt. 1. The district court dismissed this case with prejudice on the ground that Gerhard lacks Article III standing necessary for the court to have subject matter jurisdiction over the matter. Memorandum and Order, D.Ct. Dkt. 19.

    After careful *de novo* review of the record and the parties' pleadings, we affirm the district court's dismissal of the underlying action, substantially for the reasons set forth by the court. See Memorandum and Order, at 4 (citing Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016) (Article III standing is required for subject matter jurisdiction and "the plaintiff bears the burden of pleading facts necessary to demonstrate standing")); id. (dismissals for lack of standing afforded *de novo* review).

We add only the following:

  The relief that Gerhard seeks in exercising his right to bear arms is broader than the relief available by attacking Massachusetts' licensing laws alone. Thus, even if the state law disability were removed, since Gerhard is a felon, federal law prevents him from possessing a firearm *anywhere* in the country; it is broader in its reach than Massachusetts' firearm laws. See 18 U.S.C. § 922(g)(1). Gerhard does not claim that if he were to be prosecuted under Massachusetts' firearms licensing laws for unlawful possession, he would be facing a longer sentence than if he were solely prosecuted federally. Nor does he allege facts suggesting the likelihood that the federal government would decide not to prosecute him under § 922(g)(1).

  Affirmed. See 1st Cir. R. 27.0(c).

            By the Court:

            Anastasia Dubrovsky, Clerk

cc:
Jason L. Gerhard
Phoebe Fischer-Groban